UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wells Fargo Bank, N.A., successor by
merger to Wachovia Mortgage Corporation,

       Plaintiff,

v.                                                             Civil No. 13-2288 (JNE/TNL)
                                                           ORDER

United States of America; State of
Minnesota; Judith M. Funk f/k/a Judith M.
Ford; also all heirs and devisees of any of
the above-named persons who are deceased;
and all other persons who are deceased; and
all other persons or entities claiming any
right, title, estate, lien or interest in the real
estate described in the
Summons and Complaint herein,

       Defendants.

Seeking reformation of a mortgage on real property located in Maple Grove, Minnesota, and a declaration of the priority of the lien of the mortgage, Wells Fargo Bank, N.A., brought this action against the United States of America, the State of Minnesota, and Judith Funk. The United States responded to the Complaint. Neither Minnesota nor Funk did. Wells Fargo Bank and the United States stipulated to the dismissal of the action with prejudice as to the United States. After the clerk had entered their defaults, *see* Fed. R. Civ. P. 55(a), Wells Fargo Bank moved for default judgment against Minnesota and Funk, *see* Fed. R. Civ. P. 55(b)(2). For the reasons set forth below, the Court grants the motion.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether

1

the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed. 1998)); *see Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested."). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53.

A brief summary of the Complaint follows. Funk owns real property in Maple Grove. Wells Fargo Bank holds a mortgage on the property. Due to a mistake or a scrivener's error, the mortgage does not properly and completely identify the property. The United States may claim an interest in the property based on federal tax liens recorded against the property in 2011 and 2013. Minnesota may claim an interest in the property based on a state tax lien recorded against the property in 2012. Wells Fargo Bank brought this action to reform the mortgage and to declare the priority of the lien of the mortgage.

A court may reform a mortgage if "(1) there was a valid agreement between the parties expressing their real intentions; (2) the written instrument failed to express the real intentions of the parties; and (3) this failure was due to a mutual mistake of the parties, or a unilateral mistake accompanied by fraud or inequitable conduct by the other party. These facts must be established by evidence which is clear and consistent, unequivocal and convincing." *Nichols v. Shepard Nat'l Bank*, 294 N.W.2d 730, 734

2

(Minn. 1980) (citations omitted); *see Norwest Bank Minn., N.A v. Ode*, 615 N.W.2d 91, 95 (Minn. Ct. App. 2000). The Court concludes that the mortgage should be reformed in the manner requested by Wells Fargo Bank.

Wells Fargo Bank sought a declaration that its mortgage is prior and superior to any interest in the property held by Minnesota. The state has not contested the bank's assertion of the relative priority of their interests. The Court concludes that Wells Fargo Bank's mortgage is prior and superior to any interest in the property held by Minnesota.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. As to the United States, this action is DISMISSED WITH PREJUDICE.

2. Wells Fargo Bank's motion for default judgment [Docket No. 30] is GRANTED.

3. The legal description of the real property contained in the mortgage dated May 19, 2003, in the original principal amount of $225,000.00, from Judith M. Ford, a married woman, married to Kenneth E. Ford, as mortgagor, in favor of U.S. Bank National Association, ND, as mortgagee, which mortgage was recorded with the Office of the Hennepin County Registrar of Titles on June 18, 2003, as Document No. 3759362 ("Mortgage"), which was assigned to Wachovia Mortgage Corporation pursuant to an assignment of mortgage recorded with the Office of the Hennepin County Registrar of Titles on March 22, 2007, as Document No. 4369350 is reformed, *nunc pro tunc*, to identify the real property ("Property") as:

> That part of Lot 1 lying Westerly of a line drawn from the most Northerly corner of Lot 1 to the Southwest corner of Lot 4, Block 3, Beach Heights
>
> That part of Lot 1, Block 3, Beach Heights, lying Easterly of the following described line: Beginning at a point on the North line of Government Lot 6 of Section 2, Township 119, Range 22, distant 778.3 feet West of the Northeast corner thereof, thence running South 17 degrees 57 minutes West, 628.21 feet; thence continuing

        South 17 degrees 57 minutes West 617.96 feet to a point in the center line of a public road and there terminating.

4. Wells Fargo Bank's Mortgage is prior and superior in all respects to any interest in the Property held by the State of Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 27, 2014

                                                    s/Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge